UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES T. McINTOSH,

    Petitioner,

v.                                        Case No. 13-C-258

HOWARD L. HUFFORD,

    Respondent.

## SUMMARY ORDER OF DISMISSAL

On March 8, 2013, Petitioner Charles T. McIntosh filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241. McIntosh, a federal prisoner, was sentenced by this court on August 31, 2007. On December 22, 2012, the court dismissed McIntosh's motion to vacate filed under 28 U.S.C. § 2255 (Case No. 12-C-1287). McIntosh subsequently appealed the dismissal. I denied a certificate of appealability because McIntosh had not made a substantial showing of the denial of a constitutional right and the issued presented did not warrant McIntosh proceeding further. On March 8, 2013, the court of appeals dismissed McIntosh's appeal due to his failure to pay the required docketing fee, ending his efforts to obtain relief under § 2255.

Although McIntosh seeks relief in his current petition under § 2241, "it does not matter how the prisoner labels his pleading." *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."). If a prisoner's petition under § 2241

challenges the legality of his detention and seeks his release, then the petition will be marked "as functionally a petition for habeas corpus or a motion under section 2255." *Id.* McIntosh's petition here is substantively a motion under § 2255 that challenges the legality of his detention and seeks his immediate release.[1]

Because McIntosh's petition is in reality a successive postconviction claim, this court lacks jurisdiction unless McIntosh has first obtained the Seventh Circuit's permission to file it pursuant to 28 U.S.C. § 2255(h). *See id.*; *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ([P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255, however their petition is captioned, but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."). From the face of his pleading, McIntosh has not sought the required permission from the Seventh Circuit to file his successive motion for postconviction relief. 28 U.S.C. § 2255(h). Therefore, this Court lacks jurisdiction and McIntosh's motion is hereby **dismissed**.

Dated this 11th day of March, 2013.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court

---

[1] Because I construe McIntosh's petition to be, substantively, a motion under § 2255, he is not required to pay the $5 filing fee.